IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRUCE D. KELLY, PRO SE, | § | |
| TDCJ-CID No. 1586757, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0012 |
| | § | |
| JOHN H. ADAMS, Head Warden, | § | |
| JAMIE L. BAKER, Assistant Warden, | § | |
| PAUL W. SLOAN, Assistant Warden, | § | |
| MARY T. HOLLIGAN, Chief Classification, | § | |
| DORA V. SHIPP, Assistant Classification, | § | |
| KELLY WARD, Grievance Coordinator, | § | |
| CHERYL LAWSON, Grievance Coordinator, | § | |
| BRAIN J. CLARK, Major, | § | |
| JAMES R. BEACH, Major, | § | |
| RAYMOND L. SOTO, Disciplinary Captain, | § | |
| DHIRAJLAL PATEL, Unit Doctor, | § | |
| FRANKLIN D. BRIANT, Lieutenant, | § | |
| JOHN C. JOWERS, II, Lieutenant, | § | |
| TIMOTHY A. KING, Sergeant, | § | |
| STEPHEN A. ORTEGA, Sergeant, | § | |
| MATHEW E. BORUNDA, Sergeant, | § | |
| QUITEN E. EVANS, Sergeant, | § | |
| DEBRA S. DENTON, Officer, | § | |
| NFN TAYLOR, Officer, | § | |
| LORENZO R. LOPEZ, Officer, | § | |
| JIMMY R. BAKER, Officer, | § | |
| KIP B. ADAMS, Officer, | § | |
| NFN PADILLA, Officer, | § | |
| ANGIE CLARK, Officer, | § | |
| RICHARD L. BARTON, JR., Officer, | § | |
| KENNETH C. HOLT, Officer, | § | |
| and NFN PONDER, Sergeant, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff BRUCE D. KELLY, acting pro se and while a prisoner confined in the custody

of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit

pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his complaint, plaintiff alleges, in relevant part, that, from September 2009 though December 2009, defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, and Asst. Warden PAUL W. SLOAN "were aware or should have been aware" of various alleged wrongful acts which he complains were committed by the remaining defendants.

Plaintiff alleges Major BRAIN J. CLARK "was aware or should had been aware of plaintiff's life been [being] placed in danger for being a black man" by plaintiff's placement in Administrative Segregation or High Security.  Plaintiff alleges that, on September 27, 2009, defendant CLARK assisted in giving plaintiff a false disciplinary case, no. 20100028651, by grading the case major.  Plaintiff alleges that, on September 26, 2009, defendant CLARK "was aware or should had been aware of plaintiff been falsely infracted" in another disciplinary case, no. 20100027086.  Plaintiff alleges defendant CLARK threatened him on December 22, 2009 after returning one of plaintiff's witnesses to his cell.

Plaintiff alleges defendant Major JAMES R. BEACH assisted in giving plaintiff a false disciplinary case, no. 20100027086, by "grading" the case.

Plaintiff also alleges that, in September of 2009, defendants MARY T. HOLLIGAN and DORA V. SHIPP "assisted in assigning [him] to high security or knew about and failed to prevent it due to [the fact that plaintiff is] a black person."  Plaintiff alleges that, on November 13, 2009, defendant KELLY WARD "failed to appropriately review [his] Grievance Step 2 #2010021366" and did not contact plaintiff's witness.  Plaintiff alleges that, on November 30, 2009, defendant CHERYL LAWSON "failed to appropriately reviewing the grievance Step 2

number 1020026198" and did not contact plaintiff's witness." Plaintiff alleges the alleged acts and omissions by defendants WARD and LAWSON were done to cover up other alleged unconstitutional acts by the other defendants.

Plaintiff's remaining claims against the remaining defendants are not addressed in this Report and Recommendation.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff's allegation that defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, and Asst. Warden PAUL W. SLOAN "were aware or should have been aware" of various wrongful acts which he complains were committed by the remaining defendants appears to be based on their supervisory positions. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

At most, plaintiff's conclusory allegations might support a claim of negligence, if even that.

Plaintiff's claim that defendant Major BRAIN J. CLARK "was aware or should had been aware of plaintiff's life been placed in danger for being a black man" by plaintiff's placement in Administrative Segregation or High Security also fails for the same reasons.

To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). By these allegations, plaintiff has failed to state a claim against defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, Asst. Warden PAUL W. SLOAN, and Major BRAIN J. CLARK.

Plaintiff's allegation that defendant CLARK threatened plaintiff on December 22nd also fails to state a claim. Mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to Major BRAIN J. CLARK will not support a claim of violation of plaintiff's constitutional rights.

Plaintiff's allegation that defendant Major BRAIN J. CLARK graded as major a case which plaintiff says was false does not state a claim of any sort. Plaintiff presents no allegation that CLARK had knowledge the case was false. Similarly, plaintiff's claim that defendant JAMES R. BEACH assisted in giving plaintiff a false disciplinary case, no. 20100027086, by grading that case utterly fails to state any fact showing BEACH had knowledge that the case was false. Even if these defendants had known the cases were false, a fact which plaintiff does not even allege, there is no longer a freestanding section 1983 claim for malicious prosecution in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim.

Further, plaintiff's allegation that CLARK "was aware or should had been aware of plaintiff been falsely infracted" in another disciplinary case states, at most, a claim of negligence, if that.

Plaintiff makes an additional allegation against defendant CLARK, that, on December 3, 2009, he knew his subordinates confiscated plaintiff's legal and personal materials to punish plaintiff for filing grievances and he told plaintiff that's what is done to prisoners who like to file

grievances. This claim is not addressed in this Report and Recommendation and remains pending at this time.

Plaintiff's allegation that defendants HOLLIGAN and SHIPMAN "assisted in assigning [him] to high security or knew about and failed to prevent it due to [the fact that plaintiff is] a black person" is conclusory and fails to state a claim against either of these defendants. Conclusory allegations lacking reference to material facts are not sufficient to support claims of malice. *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995).

As to plaintiff's claims against defendants KELLY WARD and CHERYL LAWSON, plaintiff's claim is simply that they did not adequately investigate or satisfactorily resolve his grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants KELLY WARD and CHERYL LAWSON lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's allegation that defendants KELLY WARD and CHERYL LAWSON were part of a "cover-up," aside from the fleeting mention set forth above, plaintiff makes no

further allegation on this matter.  This claim is predicated on the existence of a conspiracy to violate and/or conceal a violation of plaintiff's constitutional rights.  Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).  Plaintiff has alleged no material fact to support any allegation of conspiracy and, therefore, has failed to state a claim of conspiracy under section 1983 against any of the defendants named in this cause.

Lastly, other than conclusorily alleging defendant Lt. JOHN C. JOWERS, II, knew or should have known of plaintiff's "tortures" but failed to protect him, plaintiff made no factual allegation of any sort and has pleaded no claim against defendant Lt. JOHN C. JOWERS, II.  Plaintiff has failed to state a claim against defendant JOWERS.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims pursuant to Title 42, United States Code, section 1983, by plaintiff BRUCE D. KELLY against defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, Asst. Warden PAUL W. SLOAN, Major JAMES R. BEACH, MARY T. HOLLIGAN, DORA V. SHIPP, KELLY WARD, CHERYL LAWSON,  Lt. JOHN C. JOWERS, II, plaintiff's claims against defendant BRAIN J. CLARK, except his claim of retaliation on December 3, 2009, and all of plaintiff KELLY's claims of conspiracy be DISMISSED WITH PREJUDICE AS

FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Of even date herewith, the Court has issued an Order to Sever Claims by which plaintiff's claims against defendants STEPHEN A. ORTEGA, MATHEW E. BORUNDA, KIP B. ADAMS, NFN PADILLA, RAYMOND L. SOTO, and DHIRAJLAL PATEL are severed from the instant suit, leaving in this cause number plaintiff's claims against defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, Asst. Warden PAUL W. SLOAN, Major JAMES R. BEACH, MARY T. HOLLIGAN, DORA V. SHIPP, KELLY WARD, CHERYL LAWSON, Lt. JOHN C. JOWERS, II, BRAIN J. CLARK, addressed in this Report and Recommendation, as well as his retaliation claim against defendant CLARK and his remaining claims of retaliation against defendants FRANKLIN D. BRIANT, TIMOTHY A. KING, QUITEN E. EVANS, DEBRA S. DENTON, NFN TAYLOR, LORENZO R. LOPEZ, JIMMY R. BAKER, ANGIE CLARK, RICHARD L. BARTON, JR., KENNETH C. HOLT, and NFN PONDER.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of January, 2010.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).