IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRUCE D. KELLY, PRO SE, <br> TDCJ-CID No. 1586757, <br><br> Plaintiff, <br><br> v. <br><br> JOHN H. ADAMS ET AL., <br><br> Defendants. | § § § § § § § § § § § | 2:10-CV-0012 |

## ORDER OF PARTIAL DISMISSAL

Plaintiff BRUCE D. KELLY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against twenty-seven defendants employed by or otherwise connected with the Texas Department of Criminal Justice and was granted permission to proceed in forma pauperis.

On January 21, 2010, a Report and Recommendation was issued by the United States Magistrate Judge recommending plaintiff's claims against defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, Asst. Warden PAUL W. SLOAN, Major JAMES R. BEACH, MARY T. HOLLIGAN, DORA V. SHIPP, KELLY WARD, CHERYL LAWSON, Lt. JOHN C. JOWERS, II; plaintiff's claims against defendant BRAIN J. CLARK, except his claim of retaliation on December 3, 2009; and all of plaintiff KELLY's claims of conspiracy be dismissed with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on February 16, 2010. By his Objections, plaintiff seeks, in relevant part, to expand his allegations against defendant Lt. JOHN C. JOWERS, II.

Plaintiff alleges defendant JOWERS knew or should have known that plaintiff received a false disciplinary case on September 26, 2009 to punish him for being black and for filing grievances, but did nothing to prevent it. Plaintiff also alleges that defendant JOWERS knew or should have known his subordinate officers "ha[d] plaintiff physically assaulted" on September 27, 2009 to punish him for filing grievances but failed to do anything. Plaintiff alleges he sent the defendant various I-60 requests on the date of and several dates following the alleged instances. Plaintiff does not state what any of these I-60's said. Plaintiff has utterly failed to allege facts showing defendant JOWERS had knowledge of facts indicating plaintiff was in substantial danger of serious harm and was deliberately indifference to that danger. Plaintiff has, therefore, failed to state a claim against defendant JOWERS on which relief can be granted.

Plaintiff's claim against defendant Lt. JOHN C. JOWERS, II, appears to be based on his supervisory position or upon a theory of *respondeat superior*. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Plaintiff has alleged no fact demonstrating personal involvement by defendant JOWERS and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff's conclusory allegations might, at most, support a claim of negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); see, also, *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662

(1986)(inmate slipped on pillow left on stairs). Consequently, plaintiff's allegations against defendant Lt. JOHN C. JOWERS, II, fails to state a claim on which relief can be granted.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the Objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein as to defendant Lt. JOHN C. JOWERS, II.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein as to defendant Lt. JOHN C. JOWERS, II.

IT IS THEREFORE ORDERED that the Civil Rights Claims pursuant to Title 42, United States Code, section 1983, by plaintiff BRUCE D. KELLY against defendants Warden JOHN H. ADAMS, Asst. Warden JAMIE L. BAKER, Asst. Warden PAUL W. SLOAN, Major JAMES R. BEACH, MARY T. HOLLIGAN, DORA V. SHIPP, KELLY WARD, CHERYL LAWSON, Lt. JOHN C. JOWERS, II, plaintiff's Civil Rights Claims against defendant BRAIN J. CLARK, except his claim of retaliation on December 3, 2009, and ALL OF PLAINTIFF KELLY'S CLAIMS OF CONSPIRACY ARE DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this Order to plaintiff and to any attorney of record.

IT IS SO ORDERED.

ENTERED this _____17th_____ day of February, 2010.

*/s/ Mary Lou Robinson*
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE